## Mitchell License

Before Carr, P. J., Morrow and Cotton, JJ.
*Goldstein & Goldstein,* for appellant.
*Andrew G. Uncapher,* for Liquor Control Board.

MORROW, J., December 18, 1947.—The contention of appellant, as we understand it, is that he applied for a restaurant liquor license in German Township on February 4, 1946; that the number of licenses in the township at that time lacked two of filling the quota; that another similar application was filed February 18th, and a third on March 5th; that appellant met all the requirements of the Liquor Control Act relative to the issuance of a restaurant liquor license; that the

two other applicants were granted licenses filling the quota; that his application was then refused for the reason that the quota was full; and that on this appeal from the refusal, without notice to the two successful applicants, this court should reverse the action of the Liquor Control Board refusing his application, he having applied first as aforesaid.

Appellant seems to interpret the language of section 403 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-403, as making it mandatory that his application be granted. The last sentence in this section, however, reads:

"And provided further, That the board shall not issue new licenses in any license district more than twice each license year, effective from specific dates fixed by the board, and new licenses shall not be granted unless the application thereof shall have been filed at least thirty days before the effective date of the license."

The specific dates fixed by the board in this license district are May 1st and November 1st. All three applications were filed more than 30 days prior to May 1, 1946. No more than two could be granted by reason of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002, placing a limitation on the mandatory provisions in the Liquor Control Act and the Beverage License Law. It will be observed that the language of this act is restrictive and permissive rather than requiring the board to grant licenses. We quote from section 2:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the

electors have voted against the granting of any retail licenses."

It would seem that the Liquor Control Board had the right to consider all the applications filed more than 30 days before May 1, 1946, without necessarily acting upon them in order of their dates of filing. It is that body that must be satisfied that the license will be exercised in accordance with the statutes and with its reasonable regulations promulgated under the authority thereof. The investigations of the three applicants were all made about the same time and the board at its executive session on June 24, 1946, would have all the reports before it and doubtless decided at that session which two of the three were to be granted licenses inasmuch as the petition for appeal recites a notice to appellant under date of June 26, 1946, that this application was being refused because of the quota being filled. The two licenses approved would in the routine of business not go out till one or more days after the executive session and appellant offered testimony that one was actually dated June 25th and the other July 2nd. Furthermore, it was not the preliminary notice of June 26, 1946, from which appeal is taken. Under the statute appeal must be entered within 20 days, and this appeal was filed August 16, 1946, from the refusal order of the board entered August 8, 1946. Hearing on the appeal was September 16, 1946. Thereafter nothing appears to have been done in the matter of this appeal until it came up on the argument list of August 25, 1947, pursuant to the recent rule of this court requiring all such appeals to be heard by the court en banc. The license year in question had then expired and other specific dates for license applications had then passed. However, we have considered the appeal on the entire record as presented and have concluded that the action of the Pennsylvania Liquor Control Board should not be disturbed.

*Order*

And now, December 18, 1947, after consideration, the action and order of the Pennsylvania Liquor Control Board in refusing the restaurant liquor license and amusement permit appealed for by Peter Mitchell for premises designated as Mitchell's Restaurant, situate at the corner of Harvey Avenue and Fairview Street, German Township, near Masontown, in Fayette County, is hereby sustained. The appeal is dismissed at appellant's cost.